UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re

KENNETH ARDELL SMITH,

    Plaintiff.
_____/

No. C-12-1353 EMC (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    Kenneth Ardell Smith, formerly a prisoner of the State of California, commenced this action by filing a one page document labeled a "complaint," which concerned events that occurred at Pelican Bay State Prison.

    Although Smith has been incarcerated in the past, he apparently was not incarcerated at the time of filing of this action. This action therefore is not governed by 28 U.S.C. § 1915A, which applies only to actions filed by prisoners. This action is, however, subject to the non-prisoner provisions of 28 U.S.C. § 1915 because Smith has applied to proceed *in forma pauperis*. Under the latter provision, notwithstanding any filing fee or any portion thereof that may have been paid, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious, [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The Court cannot understand enough of the allegations in Smith's complaint to determine that any of his constitutional rights may have been violated and that he has any claim for relief under 42 U.S.C. § 1983. Some of his allegations appear to be that he was verbally harassed by unidentified persons at Pelican Bay. Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008). The complaint is dismissed for failure to state a claim upon which relief may be granted.

Leave to amend is granted so that Smith may attempt to allege a cognizable § 1983 claim in an amended complaint, if he has facts indicating that he was subjected to anything more than undesired and non-actionable verbal harassment. For each instance of a constitutional violation, Smith should name each person who violated his constitutional right(s), describe what each person did to violate his right(s), state at which institution the violation occurred, and state the date on which the violation occurred. The amended complaint must be filed no later than **August 10, 2012**. The amended complaint must include the caption and civil case number used in this Order and the words AMENDED COMPLAINT on the first page. Failure to timely file the amended complaint will result in the dismissal of this action.

The Clerk will mail to Smith a copy of the Court's prisoner civil rights complaint form. Smith may, but is not required to, use this form to file an amended complaint. The form often is helpful to *pro se* litigants because it guides a prisoner (or someone complaining about prison events) to provide the necessary information.

An additional problem with the complaint is that – assuming cognizable claims can be pled – some of those claims would appear to be time-barred, as Smith has alleged that some of the events and omissions occurred in 1994-1997. Section 1983 does not contain its own limitations period, so the Court looks to the limitations period of the forum state's statute of limitations for personal injury torts. *See Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). California's statute of limitations period for personal injury torts is two years, and the statute of limitations period for § 1983 claims is two years. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1; *Elliott*, 25 F.3d at 802. A claim accrues when the plaintiff knows or has reason

2

to know of the injury which is the basis of the action. *See TwoRivers v. Lewis*, 174 F.3d 987, 991-92 (9th Cir. 1999); *Elliott*, 25 F.3d at 802. It is federal law, however, that determines when a cause of action accrues and the statute of limitations begins to run in a § 1983 action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Elliott*, 25 F.3d at 801-02. Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers*, 174 F.3d at 991-92; *Elliott*, 25 F.3d at 802. Although the statute of limitations is an affirmative defense that normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir. 1984). That is the situation here: the defense appears complete and obvious from the face of the complaint because this action was filed about 14-18 years after the acts and omissions alleged in the complaint occurred. Incarceration of the Plaintiff is a disability that may toll the statute for a maximum of two years. *See* Cal. Civ. Proc. Code § 352.1. The limitations period may be subject to equitable tolling. Under California law, equitable tolling "'reliev[es] plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting *Addison v. California*, 21 Cal. 3d 313, 317 (1978)). Thus, in an appropriate case, the statute of limitations might be tolled for time spent pursuing a remedy in another forum before filing the claim in federal court. Smith must explain – either in his amended complaint or in a separate response – why the action should not be dismissed as time-barred. Of course, Smith is not limited to arguing only equitable tolling – he may submit any argument he has to show that the statute of limitations does not bar this action.

Smith's *in forma pauperis* application is **GRANTED**. (Docket # 2.)

IT IS SO ORDERED.

Dated: July 10, 2012

_____
EDWARD M. CHEN
United States District Judge

3